IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-371-BO-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LESLIE M. GRICE | ) | |
| | ) | |

This matter is before the Court on Defendant Leslie Grice's Motion to Alter Sentence and for a reduction in sentence as a result of substantial assistance to the government pursuant to Rule 35 (DE # 54). For the reasons set forth herein, the Defendant's Motion is DENIED.

The Government has already moved for a reduction in the Defendant's sentence pursuant to § 5K1.1 and this Court has taken the Defendant's cooperation into account in the Defendant's sentence. Any further reduction in the Defendant's sentence would require further action by the Government.

Rule of Criminal Procedure 35(b) allows a court to reduce a sentence if a defendant has provided substantial assistance to the government in prosecuting or investigating others. The rule specifically provides that such action may be taken only "upon the government's motion." FED. R. CRIM. P. 35(b). Furthermore, it is well-settled that the decision to file a Rule 35(b) motion is left to the government's discretion. *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993). A court has the authority to review the government's decision not to file such a motion and compel performance *only* if the refusal is based on an unconstitutional motive or is not related to a legitimate government end. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992).

"If the defendant cannot show a breach of her plea agreement or an unconstitutional motive, 'a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.'" *United States v. Huskins*, 318 Fed. Appx. 249, 250 (4th Cir. 2009) (quoting *Wade*, 504 U.S. at 186).

Here, the Defendant has not established either that the Government has an unconstitutional motive for not filing a Rule 35(b) motion or that it has acted improperly. Moreover, the Defendant acknowledged in his signed Memorandum of Plea Agreement that the Government did not promise to make a Rule 35(b) motion. Therefore, this Court is without authority to review the Government's decision not to file such a motion. Accordingly, Petitioner's request for a reduction in sentence pursuant to Rule 35 is DENIED.

Defendant's claim that a sentencing enhancement for a firearm was improper is cognizable only under 28 U.S.C. § 2255. The Defendant is hereby granted 30 days from the filing of this notice to confirm or deny the intent to file a Motion to Vacate pursuant to 28 U.S.C. § 2255 and to file the appropriate forms. In the event no response is filed within this time frame, this Court will presume that the Defendant is not seeking such relief and this matter will be dismissed. Should the Defendant notify this Court of the intention to file a Motion to Vacate pursuant to 28 U.S.C. § 2255, the Clerk of Court is directed to provide the Defendant with the appropriate forms on which to file such a motion. This Court hereby warns Defendant of the effects of such a petition and advises Defendant as to the requirements of § 2255. *See Castro v. United States*, 540 U.S. 375 (2003); *see also United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002).

SO ORDERED, this __18__ day of ~~April~~ May 2010.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 5:08-cr-00371-BO   Document 55   Filed 05/19/10   Page 3 of 3